Matthias, J.
The sole question presented by this record is whether the action brought by the administrator of decedent in the courts of the state, and prosecuted to final judgment, constitutes such a waiver as to preclude the making of an award by the Industrial Commission.
The action brought by the administrator was based upon the claimed failure of the employer of the deceased employe to comply with a lawful requirement for the protection of the life and safety of the employe, which action is expressly authorized by the provisions of Section 1465-76, General Code. By these provisions of the Workmen’s Compensation Act the right to maintain an action for damages for injury from such cause is preserved to an injured employe or his legal representative in case death results from the injury; but, by the further express provisions of that act, such employe, or, in the event of his death, his legal representative, may not institute such court action and also file and prosecute before the Industrial Commission a claim for compensation under such act. The statute has so provided in language so clear and concise as to leave nothr ing whatever to the court for interpretation or construction.
Let us notice first the provision in Section 1465-76, General Code, as follows:
“Such employer shall not be liable for any injury to any employe or his legal representative in case death results, except as provided in this section.”
*491 It is to be observed that “this section” authorizes suit only “in case such injury has arisen from the willful act of such employer * * * or from the failure of such employer * * * to comply with any lawful requirement,” etc.
Then looking further to the provisions of this section it is to be observed that “such injured employe, or his legal representative in case death results from the injury, may, at Ms option, either claim compensation under this act or institute proceedings in the courts for his damage on account of such injury.”
This language in itself makes it clear that the injured employe, or his legal representative, must at the outset exercise his option to either claim compensation from the Industrial Commission or institute action in court; he is not permitted to do both. Further along in this same section it is still more clearly and concisely provided that the election of one of the remedies provided excludes the party from then or thereafter pursuing the other. The provision, “every employe, or his legal representative in case death results, who makes application for an award * * * waives his right to exercise his option to institute proceedings in any court except as provided in Section 43 hereof,” was before this court in the case of Zilch, a Minor, v. Bomgardner, 91 Ohio St., 205, 210, 110 N. E., 459, 460, and the court there announced the conclusion that “having made his application for compensation from the insurance fund, plaintiff waived his right to exercise his option to institute a proceeding in court, and his *492 proceeding in the court of common pleas should have been dismissed.”
The other alternative set forth in the same section is just as clear and explicit. It is as follows:
“Every employe, or his legal representative in case death results, who exercises his option to institute proceedings in court, as provided in this section, waives his right to any award.”
Language cannot be made more direct or certain, and no part of it calls for or permits any interpretation or construction by the court. Under that provision, if an employe, or in the event of his death his legal representative, exercises his option and institutes proceedings in court, as provided in that section, he thereby waives the right to make claim for an award from the Industrial Commission on account of such injury. Concededly the legal representative in the ease to' which we have referred did exercise his option pursuant thereto, not only in the trial court, but in the reviewing courts, and under the provisions of this act an award by- the Industrial Commission was waived, and therefore a claim before that Commission could not be prosecuted, nor is the Commission authorized to make any award. Carnegie Steel Co. v. Zebich, 108 Ohio St., 449.
The administrator, being the “legal representative” of an employe whose death had resulted from an injury sustained by him in the course of his employment, caused by the failure of his employer to comply with a lawful requirement, is authorized to maintain a suit to recover damages in behalf of the widow and next of kin, and hence, if the act or omission complained of in the court action above referred to had constituted a failure *493 to comply with a lawful requirement, the administrator, as such legal representative, would have been entitled to recover a judgment in that action. The fact that the Court of Appeals and the Supreme Court found that the act or omission of certain workmen to do the thing directed by the provisions of .Section 962, General Code, did not constitute the violation of a lawful requirement within the purview of Section 1465-76, General Code, cannot relieve the claimant from the operation of the express provisions of the statute respecting waiver, above quoted. The election of remedies is made by the institution of the suit and not by the result of such action.
The term “legal representative” used in that section with reference to such court action is evidently employed with the meaning it has in the common use of the words, in its ordinary signification, as a term equivalent to executor or administrator; but, as used later in the section, the term seems to refer to the next of kin. However, the purpose of the legislative provision, plain and manifest in the section taken as an entirety, is that there shall be no duplication of awards, whether by a suit in court or by a claim filed with the Industrial Commission. If the rule and requirement of this statute should be changed or amended, that is necessarily a matter for the Legislature and not for the court.

Writ (Mowed.

Marshall, C. J., Robinson, Jones, Day and-Allen, JJ., concur.
Wanamaker, J., not participating.